BLAUNER et al. v. WILLIAMS CO.

(City Court of New York, General Term. March 26, 1901.)

APPEAL—REVIEW—EVIDENCE TO SUPPORT COUNTERCLAIM.

 The only objections to a counterclaim were to the refusal of the court to dismiss it, and otherwise the case was treated by plaintiff throughout the trial as though there were questions of fact to be passed on in relation thereto arising from the evidence in support thereof. *Held*, that it was too late, on appeal, to request a reversal of the judgment on the ground that no damage was proved by defendant.

Appeal from trial term.

Action by Julius Blauner and others against the Williams Company. From a judgment in favor of plaintiffs, and from an order denying a motion to set aside the verdict and for a new trial, they appeal. Affirmed.

Argued before McCARTHY and DELEHANTY, JJ.

Max D. Steuer, for appellants.

Blumenthal, Moss & Feiner (Benjamin F. Feiner, of counsel), for respondent.

PER CURIAM. The examination of the record herein reveals that the only exceptions taken by plaintiffs were to the refusal of the court at the opening of the trial to dismiss the counterclaim, and to · the denial of a motion for a new trial after the verdict. Their single request to charge, which is herewith set forth in full on account of its significant bearing on the appeal, was as follows:

 "Plaintiffs' Attorney: Will·your honor charge the jury that the defendant, in order to recover for that one hundred and fifty dollars, must prove by a preponderance of evidence a counterclaim for that amount of money. The Court: · Certainly, I so charge."

The controversy being over the counterclaim in question, and the jury having found in favor thereof, the appellants now ask a reversal of that judgment upon the ground that absolutely no damage was proven. We agree with them that a novel method was adopted in reaching the damages found, and no doubt, if objection thereto had been made at the trial, the justice would have ruled out the testimony in reference thereto. The attitude, however, of the appellants' counsel at the trial was a concession that there were questions of fact to be passed upon by the jury, and, further, that the measure of damages adopted was acceptable, as evidenced by his request to charge above mentioned and failure to move at the close of the evidence for a direction of a verdict in his favor. It is too late now to assert error on the grounds stated, and the judgment, therefore, must be affirmed, with costs.